[No. 18577.   Department Two.   January 9, 1925.]

ELISE HJELMSTAD, *as Executrix of the Estate of Simen A. Hjelmstad, Deceased, Appellant,* v. O. G. ARNESON *et al., Respondents.*[1]

ELECTION OF REMEDIES (6)—OPERATION AND EFFECT—WAIVER OR BAR—BREACH OF CONTRACT FOR LAND. An action and judgment upon a note, which was secured by an agreement for an interest in lands if and in case the note was not paid, is an election of remedies, which waives the right to receive a deed of the land and bars any relief upon the contract therefor.

Appeal from a judgment of the superior court for Spokane county, Oswald, J., entered December 24, 1923, upon sustaining a demurrer to the complaint, dismissing an action for conversion. Affirmed.

*Severin Iverson,* for appellant.

*John King,* for respondents.

MITCHELL, J.—A general demurrer to the second amended complaint in this case having been sustained,

[1]Reported in 232 Pac. 272.

the plaintiff, upon refusing to further plead, has appealed from a judgment dismissing the action.

The second amended complaint alleges, in substance, that Elise Hjelmstad was appointed executrix of the estate of Simen A. Hjelmstad on January 26, 1921, by the superior court of Spokane county, and has since acted as such; that O. G. Arneson and Martha Arneson are, and at all times mentioned in the pleading were, husband and wife; that on September 3, 1920, a written agreement, not acknowledged, was entered into and signed by Simen A. Hjelmstad and John M. Olson at Spokane, Washington, involving a deed of conveyance by William Lucht to O. G. Arneson and Simen A. Hjelmstad of certain described real property (a one-half interest of the land to each) in North Dakota, by which, in consideration of a promissory note made and delivered by Olson to Simen A. Hjelmstad in the sum of $674.50, dated September 3, 1920, Simen A. Hjelmstad "is to have a half interest in" the property, "provided the above mentioned amount (the promissory note) is not paid as follows, $250 to be due in two months, Nov. 3rd, 1920, together with interest thereon and the balance due in six months from date, and at the end of this period it shall be optional with Simen A. Hjelmstad as to extending the indebtedness further or demand title to the land in question as above stipulated." The contract was signed by Simen A. Hjelmstad and John M. Olson and witnessed by O. G. Arneson, and in connection therewith O. G. Arneson signed a written agreement as follows: "Spokane, Washington 9-3-20. This is to certify that the undersigned has agreed to keep a certain deed from William Lucht to Otto G. Arneson and Simon A. Hjelmstad for safe keeping."

The second amended complaint further alleges that the deed was left with Arneson to secure the payment

of the promissory note, and that the deed was placed in his hands "for safe keeping and to be delivered upon demand to Simen A. Hjelmstad or his representative, if the said sum mentioned in said agreement was not paid at the time provided in said agreement;" that plaintiff has recovered judgment in the superior court of Spokane county against Olson and wife for the whole of the principal and interest of the note and attorney's fee and costs; that the judgment is unsatisfied and that Olson and his wife have no money or property out of which the judgment can be satisfied; that plaintiff, since her appointment as executrix, has been entitled to the possession of the deed held by Arneson for safe keeping; that, on or about February 17, 1922, without the knowledge or consent of the plaintiff, Arneson wrongfully converted the deed "with the intent to cheat and defraud the estate of Simen A. Hjelmstad in destroying the security of said estate, the deed not having been recorded, and did deliver the deed back to William Lucht, and having the same destroyed obtained a new deed from William Lucht and wife to himself O. G. Arneson of the whole interest in the land in North Dakota, and then and there converted the security of the said estate to his own use and the use of the community." "That the value of the said deed as security to the estate of Simen A. Hjelmstad was nine hundred seventy-two and 74-100 dollars," and "that on April 7, 1923, plaintiff, by her attorney, made demand upon said defendant O. G. Arneson for said deed or security from William Lucht to Otto G. Arneson and Simen A. Hjelmstad upon the said land in North Dakota, and said defendant O. G. Arneson refused to deliver up said deed." Judgment is demanded against Arneson and his wife in the sum of $972.74.

It is to be noticed that title to any interest in the

land never was in Olson, who gave his promissory note to Hjelmstad. While the contract between Hjelmstad and Olson was inartificially expressed, we think its legal effect was that if and when Olson paid his note he was to become the beneficial owner of Hjelmstad's half interest in the property, provided that, if Olson did not pay the note according to its terms or some extension at the option of Hjelmstad (of which there is no allegation), then Hjelmstad's interest in the property, already standing in his own name, should continue to be his own property. Hjelmstad or his representative is not entitled to a judgment on the note, which has already been obtained, and at the same time have as against Olson title to the land that the note was given to pay for. He cannot have both. Having sued on the note, his representative waived her right to receive delivery of the deed from Lucht to Arneson and Hjelmstad which had been left with Arneson for safe keeping and the demand for which was not made upon Arneson until after she had obtained judgment against Olson on the promissory note and after the deed had been destroyed. This action can in no way affect the title to the land which is situated in North Dakota, but is brought to recover a money judgment, and in the absence of any allegations of combination or conspiracy between Olson and Arneson, we think it must be held that the appellant is not entitled to a money judgment against Arneson and wife, and that the demurrer was properly sustained.

Affirmed.

MAIN, C. J., MACKINTOSH, PEMBERTON, and FULLERTON, JJ., concur.